TERRY LYNN FELLER *v.* STATE OF INDIANA.

[No. 975S253.   Filed June 1, 1976.]

*Richard G. Striegel*, of New Albany, for appellant.

*Theodore L. Sendak*, Attorney General, *Elmer Lloyd Whitmer*, Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted in a trial by jury of kidnapping and rape of a twelve year old girl, and he was sentenced to imprisonment for five years upon the rape charge and for life upon the kidnap charge. His appeal raises four issues:

(1) Was there sufficient evidence of intent to carry the victim away and of the defendant's sanity?

(2) Should the defendant's post-arrest statements have been suppressed?

(3) Did the trial court err in admitting items of tangible evidence, over the defendant's objection that they were gruesome and inflammatory while being only cumulative?

(4) Was the defendant entitled to a hearing under the criminal sexual deviancy statute?

## ISSUE I

The undisputed evidence disclosed that the defendant forcibly abducted the prosecutrix, a twelve year old female, from a city street, carried her in his automobile to a secluded area and there penetrated her in an attempt to have sexual intercourse with her.

The defendant's first claim of insufficiency is that inasmuch as his primary intentions in abducting the prosecutrix was to rape her, the carrying her away was but a secondary or subordinate intention. We fail to understand how this enters into a sufficiency issue under the circumstances of this case. The intent requisite to his kidnapping charge was an intention to carry off the victim. His purpose therein was immaterial. Other jurisdictions have held that when the asportation was merely incidental to the commission of another crime, a kidnapping has not been committed. *People* v. *Adams*, (1973) 389 Mich. 222, 205 N.W.2d 415; *People* v. *Timmons*, (1971) 4 Cal.3d 411, 93 Cal. Rptr. 736, 482 P.2d 648. We have declined to follow that

viewpoint. *Wilson* v. *State,* (1970) 253 Ind. 585, 255 N.E.2d 817; *Vacendak* v. *State,* (1976) 264 Ind. 101, 340 N.E.2d 352.

Additionally, under this point, the defendant contends that a conviction for kidnapping, when that offense is merely incidental to a rape, violates the constitutional proscription against vindictive justice, citing Article 1, § 18 of our state constitution. We see no merit to this contention. That the defendant has committed two offenses in carrying out a single purpose does not render either offense less serious than it would otherwise have been.

Because the defendant could not or would not remember the details of the crimes, the court-appointed psychiatrists who examined him were unable to form an opinion as to his sanity at the time of the commission of the crimes. They agreed, however, that he was sane at the time of examinations. The defendant cites various factors consistent with a state of mental impairment at the time of the rape and kidnap: heavy consumption of alcohol during the months prior to the crimes and in the hours immediately before their commission; that the crimes were committed in such a manner as to facilitate detection; that two of the doctors testified that any mental problems which caused a person to drink would probably surface during a time that such person was actually drinking; and that he had made two unsuccessful attempts to commit suicide in the months prior to the rape and kidnap of the prosecutrix.

Even if the existence of these circumstances had been unrebutted, the jury would not have been bound to find that the defendant was insane. *Limp* v. *State,* (1950) 228 Ind. 361, 92 N.E.2d 549; *Freese* v. *State,* (1903) 159 Ind. 597, 65 N.E. 915. That cause for insanity exists, i.e. mental degeneration brought about by prolonged heavy use of alcohol, does not mean that a particular defendant urging that cause of insanity is, in fact, insane. *Sawyer* v. *State,* (1871) 35 Ind. 80. However, in this case, the defend-

ant's assertions above related were controverted by other evidence.

There was testimony from which the jury could reasonably have concluded that the defendant did not have a problem of excessive use of alcohol. There was medical testimony that the release of inhibitions occasioned by the consumption of alcohol is not considered a form of insanity. There was reason to disbelieve that the suicide attempts were bona fide. Finally, there was evidence of lucid conversations between the defendant and the prosecutrix during the time that the crimes were being committed.

The jury, therefore, could have reasonably believed that the defendant knew the wrongful nature of his acts and could have conformed his conduct to the requirements of the law.

## ISSUE II

The defendant, by pre-trial and in-trial motions, challenged the admissibility into evidence of the statement he had given to the police following his arrest. The statement was given at two or three o'clock in the morning, some five or six hours subsequent to the abduction. It is unquestioned that the defendant was advised of his rights to remain silent upon three occasions. He signed two written waivers of these rights. It is his contention that the statement is inadmissible because he was intoxicated at the time it was given.

As a general rule, intoxication affects only the weight to be given an admission. It has been held that intoxication renders the statement inadmissible only when such intoxication was of such a degree as to produce a state of mania or unconsciousness. *Eiffe* v. *State*, (1948) 226 Ind. 57, 77 N.E.2d 750; *Parsons* v. *State*, (1975) Ind. App., 333 N.E.2d 871.

The three police officers who were with the defendant during the period before the statement was given, as well as when the statement was given, stated that they could not

detect the odor of alcohol on the defendant's breath, that he walked and talked without difficulty, that he had no trouble getting dressed, and that he did not appear to be intoxicated. There was also testimony from other police officers to the same effect.

In reviewing a trial court's ruling upon the voluntariness of a confession, we must determine only if there was clear error. *Cowell* v. *State,* (1975) 263 Ind. 344, 331 N.E.2d 21. To make this determination, we consider the evidence which supports the trial court's decision, when the evidence is in conflict, and any unrefuted evidence presented by the defendant. *Magley* v. *State,* (1975) 263 Ind. 618, 335 N.E.2d 811. In the case before us, there was no such error.

## ISSUE III

The defendant next contends that the admission into evidence of certain exhibits was erroneous because such evidence, while only cumulative, was gruesome and inflammatory and therefore prejudicial.

These exhibits were the victim's shoes, slacks, sweater, and underpants, and the defendant's undershorts and a portion of the seat covering from the defendant's automobile. The three exhibits last mentioned were stained with blood.

No reversible error is presented by this assignment. We have frequently held that such evidence is relevant to illustrate the testimony of various witnesses and is therefore admissible despite the fact that it is cumulative and somewhat gruesome. Here the latter exhibits also supplied circumstantial evidence of penetration. *Lund* v. *State,* (1976) 264 Ind. 428, 345 N.E.2d 826. See also *Owens* v. *State,* (1975) 263 Ind. 487, 333 N.E.2d 745; *Wilson* v. *State,* (1975) 263 Ind. 469, 333 N.E.2d 755.

## ISSUE IV

The trial judge denied the defendant's petition to be examined as a criminal sexual deviant under the provisions

of Ind. Code § 35-11-3.1-1 *et seq.* (Burns 1975). It is the defendant's contention, under this assignment, that he was convicted of "statutory rape" as opposed to "forcible rape".

Notwithstanding that rape implies force as being an act committed upon a person without her consent and that a statutory rape, in the strict legal sense, also implies force because the victim is incapable of giving consent, it is nevertheless, clear that the Legislature intended to distinguish between rape by force and statutory rape in its enactment of § 2.1 of the Act. Prior to the enactment of that section, one convicted of rape, without regard to how the crime was accomplished, was entitled to petition. By § 2.1, however, those convicted of rape by force, violence or coercion were expressly precluded from petitioning.

By the wording of the statute, it is the *conviction* and not the charge that determines the eligibility. This might be very troublesome when the affidavit or indictment is in one count but worded in such manner as to charge both force and the absence of consent and non-age, because there would be no way of determining whether the conviction was by reason of one, the other or both. We do not have that problem in the case at hand, however, as the affidavit charged only that the defendant "* * * did feloniously and unlawfully ravish and carnally know her, * * *." (A female child under the age of sixteen years.) The State contends that the use of the word "ravish" connotes force and violence, citing *Harper v. Delp,* (1851) 3 Ind. 225. The holding in that case, however, does not support that contention. We concede that the term usually implies force, but such is not unalterably the case. Nor would the use of the word "ravish" adequately substitute for an allegation that the act was done against the will of the victim.

Although there was evidence of force, the charge was one of statutory rape, and it has been held that a charge of rape of one class cannot be sustained by proof of a rape of another

class. *Greer* v. *State*, (1875) 50 Ind. 267. There being but one charge and that being one of statutory rape, the conviction could not be other than for that offense, and the trial court erred in denying the defendant's petition to be examined.

The judgment of the trial court is affirmed as to the convictions for kidnap and rape. The cause, however, is remanded to the trial court with instructions to vacate its order denying the defendant's petition for examination as a criminal sexual deviant and to grant the prayer thereof.

Givan, C.J., Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 348 N.E.2d 8.