FINIS R. PATTERSON *v.* STATE OF INDIANA.

[No. 177S19. Filed January 20, 1978.]

*George K. Shields,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted, in a trial by jury, of the commission of a felony while armed, to-wit: Robbery and was sentenced to imprisonment for twenty-four (24) years. His appeal presents the following issues:

(1) The sufficiency of the evidence to sustain the guilty verdict.

(2) The trial court's refusal to give defendant's tendered instruction number 1 upon the defense of intoxication and its giving of a similar instruction upon the same subject.

## ISSUE I

Upon the sufficiency issue, the defendant assigns three separate deficiencies:

(a) Failure to prove that the victim was placed in a state of fear.

(b) Failure to prove the requisite intent, in view of the defense evidence of intoxication.

(c) Failure to prove the requisite age of over sixteen years.

(a) The evidence, when viewed most favorably to the State, disclosed that the defendant entered a restaurant which was under the management of the victim, placed a butcher knife at the manager's throat and took the money entrusted to him. The manager was frightened when the knife was at his throat.

(b) The defendant was apprehended by two police officers before he escaped from the scene of the crime. The defendant appeared to be normal, was in control of the premises and gave no appearance of being under the influence of drugs or alcohol. The manager had his hands raised, and the defendant was behind him with the butcher knife pointed at his back. Although intoxication may be raised as a defense, it will operate as a complete defense only where it is shown that the defendant was so intoxicated as to be incapable of forming the specific intent necessary to commit the crime charged. *Snipes* v. *State*, (1974) 261 Ind. 581, 307 N.E. d 470; *Yarber* v. *State*, (1962) 242 Ind. 616, 179 N.E. 2d 882. The ultimate decision as to the existence of such incapacity was a question of fact to be determined by the jury. Obviously, there was sufficient competent evidence of probative value to support the jury's decision.

(c) The crime was committed on August 26, 1975. The trial was had on August 2, 1976, at which time the defendant, by his own testimony, was twenty-three years old. We believe that it was reasonable for the jury to conclude that one year earlier the defendant was twenty-two years old.

The foregoing brief recitals, we believe, should dispel any doubts concerning the sufficiency of the evidence. On review, this court will not reweigh the evidence or judge the credibility of witnesses. *Robinson* v. *State,* (1977) 266 Ind. 604, 365 N.E.2d 1218. It will look only to the evidence most favorable to the State along with all reasonable inferences to be drawn therefrom, to determine if there is substantial evidence of probative value to establish every material element of the crime beyond a reasonable doubt. *Baum* v. *State,* (1976) 264 Ind. 421, 345 N.E.2d 831.

## ISSUE II

With respect to the instruction given by the court over the defendant's objection, Appellate Rule 8.3 provides the following:

"* * * When error is predicated on the giving or refusing of any instruction, the instruction shall be set out verbatim in the argument section of the brief with the verbatim objections, if any, made thereto. Any error alleged in the motion to correct errors not treated as herein directed shall be deemed waived."

Neither the record nor the defendant's brief reveals the basis for his objection to the State's tendered instruction number 1, given as final instruction number 33, hence no question is presented for our review.

Additionally, it appears that instruction number 33 was substantially the same as the instruction refused. The refusal of an instruction is not grounds for reversal if the substance thereof is covered by other instructions given by the court. *Patterson* v. *State,* (1975) 263 Ind. 55, 324 N.E.2d 483.

Said instruction number 33 was as follows:

"Normally voluntary intoxication by alcohol or drugs is not a defense in a criminal proceeding. Mere drunkenness or being under the influence of drugs does not excuse the defendant. In order for intoxication by alcohol or drugs to relieve the defendant from responsibility, the crime charged must have involved specific intent and he must have been so extremely intoxicated that he did not have the capacity to form a specific intent."

The defendant complains of the use of the word "normally," and asserts that such word conveyed to the jury the belief that the defense was unusual and without merit and, hence, prejudicial to his rights to a fair trial. We see no merit to such a strained construction. Intoxication is a defense only under particularized circumstances, as set forth in the instruction. It was appropriate for the court to so explain it.

We find no error, and the judgment of the trial court is affirmed.

Givan, C.J. and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 371 N.E.2d 1309.