**Thomas Charles MORRIS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 279S51.**

Supreme Court of Indiana.

Sept. 20, 1979.

Robert L. Deloney, Gary, for appellant.

Theodore L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

At a trial before a jury appellant was convicted of robbery while armed in violation of Ind.Code § 35–42–5–1(2) (Burns 1979) and received a sentence of fifteen years imprisonment. In this appeal he contends (1) that the evidence was insufficient, and (2) that the court erred in refusing a defense instruction requiring proof of affirmative conduct.

Appellant was charged with taking forty dollars from Patricia Stephens at gunpoint. He contends that the evidence serving to show that he engaged in the crime was wholly insufficient to support the jury verdict. In determining this question we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657.

The evidence upon which the jury could have based its verdict showed the following. Patricia Stephens was the owner of a small grocery store in Hammond, Indiana which she and a single employee operated. At closing time on February 14, 1978, at about 6:00 p. m., Stephens was working in the store alone and was in the process of letting her last customer out the front door when appellant and another man came to the door. She turned around and went back to the counter to wait on them. The two came in the store together. Appellant stopped at a cookie rack five feet from the counter and the other man stopped directly across the counter from Stephens. Appellant asked the price of the cookies. While she was in the course of answering the question, the other man pointed a gun at her and demanded her money. Stephens described the events immediately following in this manner:

"Q. What if anything happened next?

A. Then the Defendant walked to where the boy was at, and I handed the money out of the register and they took off running.

\* \* \* \* \* \*

Q. Why did you hand over the money?

A. Because I was scared."

Further testimony established that it was appellant's companion who received the money from Stephens, but that appellant was standing beside him by the time the money was handed over.

Appellant argues that the evidence was insufficient in that it failed to prove that he took part in the robbery or even was acquainted with the person who brandished the weapon and took the money.

For the purpose of convincing this Court of the worthiness of his claim, appellant has relied upon *Lipscomb v. State*, (1970) 254 Ind. 642, 261 N.E.2d 860. There we held that mere companionship of an accused with the perpetrator immediately before and after a criminal episode was insufficient alone to show complicity. To the same effect is *Amaro et al. v. State*, (1968) 251 Ind. 88, 239 N.E.2d 394. We have likewise observed many times in assessing the sufficiency of evidence to convict that mere presence at the scene of a crime or simple opportunity to commit a crime are insufficient to show participation. *Carey v. State*, (1924) 194 Ind. 626, 144 N.E. 22. In this regard, in *Clem v. State*, (1870) 33 Ind. 418, 432, this Court said:

> "It is plainly not the law that one can be guilty of murder without overt act, who by neither word nor gesture has done anything to contribute to the commission of the homicide. . . . "

These cases are helpful in assessing the evidence in the case at bar; however, here we are presented with a description of events from which the jury could reasonably have inferred a common felonious design between the two men. The two arrived together at about the closing time of the store. Appellant had been a customer in the store having previously shopped there as many as ten times and was therefore acquainted with its operation. At that time of the day the day's receipts would be present and the owner could be expected to be found alone. The counter area where the crime occurred was well lighted. The question asked by appellant concerning the price of cookies can reasonably be regarded as one step in the plan to draw the attention of the owner thereby providing the second man with the opportunity to take out his gun and point it unnoticed, and so as to prevent the owner from having an opportunity to respond defensively to the act of drawing it.

When the second man drew his gun and spoke, demanding the money, appellant was but a few feet away. The man held the gun in both hands. The jury could reasonably infer that appellant saw this gun, heard the threatening demand for money, and therefore knew beyond question at this point that a robbery was taking place. Of exceptional inculpatory import is appellant's conduct in moving over at this point in time so as to stand shoulder to shoulder with the armed robber in confronting the owner. That voluntary gesture added to the threat already posed by the other's gun and demand for money and participated in putting the victim in fear. That gesture was assertive conduct by appellant in furtherance of the robbery. And finally the flight of appellant with the other man from the store in the immediate aftermath of the money exchange and the realization of the gain which was the purpose of the robbery can reasonably be regarded as the final stage of the joint felonious plan. To be sure as asserted by appellant in his argument the jury could have chosen to regard his appearance on the scene of the crime at the same time as the gunman as being coincidental, and could have attributed his flight to fear of being wrongly accused of complicity in the crime. The jury might have concluded that appellant and the gunman were total strangers. However, the jury was not bound to do so, and was fully warranted in arriving at the verdict of guilty upon the evidence presented and reasonable inferences therefrom.

## II.

The contention is made that the trial court erred in refusing to give Defendant's Tendered Instruction No. 1 which in summary required the State to prove affirmative conduct on the part of the accused for conviction and as indicating that proof of mere presence would not be enough. The appellate rule governing this Court's consideration of whether the trial court erred in refusing to give an instruction was stated in *Davis v. State*, (1976) 265 Ind. 476, 355 N.E.2d 836:

> "In considering whether any error results from refusal of a tendered instruction we must determine: (1) whether the tendered instruction correctly states the law . . . (2) whether there is evi-

dence in the record to support the giving of the instruction . . . (3) whether the substance of the tendered instruction is covered by other instructions which are given . . ..” (Citations omitted.) 265 Ind. at 478, 355 N.E.2d at 838.

This rejected instruction relates to the requirement of the law that the State prove the elements of the offense and guilt to the satisfaction of the jury beyond a reasonable doubt. As an abstract statement of the law it was undoubtedly correct. A failure of proof would occur where the State showed only mere presence of the accused at the scene of a crime and under circumstances where no inference could be drawn that the accused participated or assisted in the crime. *Lipscomb v. State, supra.* In accordance with the second step in reviewing this allegation of error, we find evidence in the record which would warrant an instruction of this type in that the evidence was very strong in its tendency to show appellant present at the time and place of the crime, but at the same time presented a serious question for resolution by the jury as to whether appellant was a participant in it. And lastly we consider whether the substance of the tendered instruction was covered by other instructions. In this regard the State points out the Court's Instruction No. 6 as covering the same subject matter. That instruction informed the jury expressly that mere presence at the scene would not render appellant guilty, but that companionship with those engaged in the commission of the crime and any course of conduct in which he acted in union with them could be considered in determining whether appellant engaged in its commission. We find that instruction no. 6 adequately served to guide the jury away from arriving at an impermissible inference of guilt based upon mere presence of appellant at the scene and that there was therefore no error in the trial court's refusal to give appellant's instruction no. 1.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.