Terry Lynn **FELLER, Appellant** (Plaintiff Below),

v.

**STATE of Indiana, Appellee** (Respondent Below).

No. 382S89.

Supreme Court of Indiana.

Dec. 17, 1982.

699

Michael J. McDaniel, New Albany, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Petitioner (Appellant) was convicted of kidnapping and rape and was sentenced thereon to life imprisonment, and to five (5) years imprisonment. On direct appeal this Court affirmed. *Feller v. State,* (1976) 264 Ind. 541, 348 N.E.2d 8. This appeal from the denial of post conviction relief presents two issues:

(1) Whether Petitioner was denied his constitutional right to the effective assistance of counsel.

(2) Whether the Prosecutor's closing argument denied Petitioner a fair trial.

\* \* \*

ISSUE I

Petitioner acknowledges our standard of review in post conviction proceedings and that his trial counsel is presumed to be competent. He contends, however, that his trial attorney's inaction in the following particulars, rendered his representation inadequate: 1) failure to call Petitioner's family physician to testify about his alcoholism and suicide attempts; 2) failure to obtain all of Petitioner's mental health records from a center in Jeffersonville; 3) failure to call prisoners of the Floyd County Jail who would have substantiated his claim that he was intoxicated at the time of his arrest when he made statements to the police; 4) that during the four months of Petitioner's incarceration, between his arrest and the trial, counsel spent less than ten minutes consulting with his client.

In support of the petition only Petitioner and his mother testified. Mrs. Feller corroborated that trial counsel had failed to call the above mentioned witnesses, which act was also evidenced by Exhibit 1, the record on appeal in *Feller v. State, supra.* Petitioner did not present any testimony or evidence from his family physician, the aforementioned mental health records, or testimony from the aforementioned jail inmates.

With respect to specifications one, two, and three, Petitioner has not shown us that, had his attorney gathered this evidence, it would have been relevant or, if relevant, more than merely cumulative of other evidence presented upon the issues of his sanity and the voluntariness of his statements to the police. In the direct appeal, we noted evidence of his attempted suicides and his excessive consumption of alcohol (beer); however, we ruled that, even if the jury had believed such evidence, it was not thereby bound to find that he was insane. *Id.* at 543, 348 N.E.2d at 12. Under Issue II of the direct appeal, we noted that the testimony of police officers supported a

finding that Petitioner was not intoxicated. In the post conviction proceeding Petitioner presented only his testimony that he was intoxicated and that an inmate at the Floyd County jail, whom he knew by name, as well as other inmates, would have attested to his intoxication. The post conviction court was not obligated to believe Petitioner's testimony on any of these points. *Popplewell v. State,* (1981) Ind., 428 N.E.2d 15, 16–17. With respect to specification four, trial counsel directly refuted the allegation:

"A. * * * I know at least twice we went over the whole case. That took some time. But as far as how many hours I spent down at the Jail talking to Terry, I can't tell you. I really don't know, but, I felt it was enough to prepare for the case."

Petitioner's trial counsel also testified that, because it was his first jury trial, he had spent considerable time researching the matter. The judge who had presided at the trial, testified that under the circumstances, "He [counsel] was as prepared, well prepared as anybody could have been considering the facts and considering the evidence that the State of Indiana had produced. I don't know of anything that he could have done."

" * * * Petitioner had the burden of proof and stands in the shoes of one appealing from a negative judgment. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. It is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law." (Citations omitted). *Neville v. State,* (1982) Ind., 439 N.E.2d 1358, 1360.

### ISSUE II

Petitioner also contends that the Prosecutor's closing argument at trial contained "prejudicial, misleading, and inflammatory" comments. Neither the judge who presided at the trial nor Petitioner's trial attorney recalled that the Prosecutor had made any objectionable comment. More-

over, the closing arguments at trial were not recorded. As previously stated, the burden of proof was upon the Petitioner. Although the State presented no evidence directly refuting Petitioner's claim, the court was not required to accept Petitioner's statements of what transpired.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.