Fairfax Henry GREEN, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 45A04–8811–PC–372.

Court of Appeals of Indiana,
Fourth District.

July 30, 1990.

Fairfax Henry Green, Westville, pro se.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CHEZEM, Judge.

### Case Summary

Petitioner/Appellant, Fairfax Henry Green, appeals the denial of his petition for post-conviction relief to vacate his conviction for Burglary, a class B felony. We affirm.

### Issues

I. Whether the post-conviction court erred by denying Green's pro se motion for a change of venue from the judge.

II. Whether the post-conviction court erred by quashing Green's praecipe for issuance of subpoenas for the post-conviction hearing.

III. Whether Green received effective assistance of counsel at his trial and on direct appeal.

IV. Whether Green was denied his right to a fast and speedy trial under the Agreement on Detainers.

### Facts

On February 23, 1981, Green was charged with Burglary. Green entered a plea of not guilty on March 5, 1981. A jury trial was held January 14, 1982, and Green was found guilty. On February 16, 1982, the trial court sentenced Green to fourteen (14) years incarceration to be served con-

secutively to a federal sentence imposed for parole violation. Green's conviction was affirmed by the Indiana Supreme Court on July 14, 1983 in *Green v. State* (1983), Ind., 451 N.E.2d 41.

On October 22, 1986, Green filed a Pro Se Petition for Post–Conviction Relief. T. Edward Page, acting as Court Commissioner, presided at the post-conviction hearing; on June 17, 1988, acting as Judge Pro Tempore, Page entered judgment against Green. Because the record failed to show that Page was properly appointed Judge Pro Tempore, we suspended consideration of Green's appeal and remanded to the post-conviction court to enter final judgment on June 29, 1989. *Green v. State* (1989), Ind.App., 540 N.E.2d 130.

State petitioned for rehearing and claimed that we erred in our conclusion that Page was acting as Commissioner and not as Judge Pro Tempore. Although State provided us with a copy of Page's appointment, showing that Page had been duly appointed Judge Pro Tempore at the time judgment was entered, we declined rehearing for two reasons. First, State failed to argue that Page was properly appointed even though Green questioned Page's authority both in his motion to correct error and on appeal; second, State failed to avail itself of the relief provided by Ind. Appellate Rule 7.2(C). *Green v. State* (1989), Ind.App., 544 N.E.2d 172.

On April 10, 1990, Judge James E. Letsinger noted that Page was duly appointed Judge Pro Tempore when he entered judgment against Green. Judge Letsinger accepted Page's findings of fact and conclusions of law denying Green's Petition for Post–Conviction Relief. Accordingly, Letsinger entered judgment prescribed by Ind. Trial Rule 58.

On May 4, 1990, Green filed an application for default judgment with this Court and argued that "the trial court refused to inter [sic] a *valid* final judgment in appellants [sic] Post-Conviction Relief Motion, as instructed by the Appellate Court." However, as previously discussed, Judge Letsinger has entered judgment, and we now resume consideration of Green's appeal.

Other facts will be supplied as needed.

### Discussion and Decision

██ In post-conviction relief proceedings, the burden of proof rests upon the petitioner to establish the grounds of relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5). On appeal of the denial of a petition for post-conviction relief, we will neither reweigh the evidence nor judge the credibility of witnesses. We will reverse only when the evidence is without conflict and leads unerringly to a result contrary to that reached by the post-conviction court. *Boone v. State* (1985), Ind., 472 N.E.2d 607, 608.

### I

Green first argues that the post-conviction court improperly denied a timely filed motion for change of venue from the judge. State argues that Green waived this issue because he did not object to the court's denial of his motion at the post-conviction hearing.

██ Green's motion for change of venue from the judge alleged that he intended to call the Honorable James E. Letsinger as a witness to testify at the hearing and therefore did not believe that he could have had a fair trial before Judge Letsinger. T. Edward Page, as Court Commissioner, presided over the hearing; thus, when Green stated that he did not have an objection to the matter coming before Page, he did not waive the issue as to Letsinger.

██ State also argues that Green is not entitled to relief because he failed to file an affidavit that the judge had a personal bias or prejudice against him. P–C.R. 1(4)(b) prescribes:

Change of venue from the judge shall be granted when the petitioner files, within ten [10] days of the filing of his petition, an affidavit that the judge has a personal bias or prejudice against petitioner. The affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be accompanied by a certificate of good faith of

petitioner's counsel. For good cause shown, the petitioner may be permitted to file the affidavit after the ten [10] day period. No change of venue from the county shall be granted.

In Green's motion, he alleged that because he intended to call Judge Letsinger as a witness to testify at the post-conviction hearing he believed that Letsinger would be unable to preside over the hearing in an unbiased manner. Further, Green's verified motion was filed the same day as his Petition. Green's motion sufficiently complies with P–C.R. 1(4)(b). *See State v. Laslie* (1978) 178 Ind.App. 107, 381 N.E.2d 529, 530 (this Court should not require a pro se motion to conform with exactitude to that which would be expected of experienced legal counsel).

■ Notwithstanding, Green's argument fails. Judge Letsinger did not preside over the post-conviction hearing; T. Edward Page, as Court Commissioner, conducted the hearing. Therefore, even if it was error for the trial court to deny Green's motion, the error was harmless.

## II

Green next argues that the post-conviction court erred when it denied him the opportunity to subpoena certain witnesses.

■ T.R. 45(A) states:

For Attendance of Witnesses–Form–Issuance. Every subpoena shall be issued by the clerk under the seal of the court, shall state the name of the court and the title of the action (without naming more than the first named plaintiffs and defendants in the complaint and the cause number), shall command each person to whom it is directed to attend and give testimony at a time and place therein specified, and shall be signed by the clerk. The clerk shall issue a subpoena, or a subpoena for the production of docu-

mentary evidence, signed and sealed but otherwise in blank, to a party requesting it or his attorney, who shall fill it in before service.

On May 8, 1987, Green filed a Praecipe for Issuance of Subpoenas and requested the clerk to issue eight (8) subpoenas for individuals he desired to testify at the hearing which was originally scheduled for June 5, 1987. On June 5, 1987, both Green and State appeared, and the parties agreed to continue the hearing until June 8, 1987.[1]

State argues that Green "failed to request the trial court to subpoena witnesses on the date of the hearing." Specifically, they argue Green requested the court to secure the appearance of the witnesses on June 5; "however, [Green] failed to request the trial court to secure [them for] June 8." State's argument fails because the court, at the June 5 hearing, took the Praecipe under advisement until the June 8 hearing. There was no need for Green to re-submit a second Praecipe.

■ Green requested issuance of subpoenas for Andrew Rodovich, Judge James Letsinger, Willie Anderson and Edward Lukawski. His purpose in calling these witnesses was to identify certain documents pertaining to the Agreement on Detainers. When the State stipulated the admission of those documents, the post-conviction court's refusal to issue those subpoenas caused no prejudice to Green. The testimony of Edward Reardon, who was deceased at the time of the hearing, could not be obtained. Any error which may have occurred as to these people was harmless. *See Bartruff v. State* (1988), Ind.App., 528 N.E.2d 110, *trans. denied* (errors not shown to prejudice a party's substantial rights do not require reversal).

■ In his brief, Green argues that he "sought to subpoena witnesses David Schnieder and Ricardo Casas to testify about his allegations of ineffective assist-

---

1. In his reply brief, Green argues that he was not present at the June 5 hearing and that the continuance to June 8 was set without his knowledge. However, the court's order book entry states "AND AFTERWARDS on the 5th day of June, 1987 ... Petitioner Fairfax Henry Green appears in person pro se. The State of Indiana appears by Deputy Prosecuting Attorney Karen Freeman ... By agreement of the parties, hearing on the Petition is continued to June 8, 1987 at 2:00 p.m." Whether Green appeared and/or agreed to the continuance does not change the disposition of this issue.

ance of counsel." Schnieder was a public defender, and Casas represented Green both at trial and during his direct appeal.

The court, when it broached the subject of Green's subpoena at the hearing, never mentioned Schnieder or Casas. Green alleged ineffective assistance of trial and appellate counsel in his Petition for Post–Conviction Relief.

We note State, at the post-conviction hearing, argued that Green waived the issues as to ineffective assistance of counsel; after State's argument, the court took no further testimony. Although the court issued findings of fact and conclusions of law with respect to this issue, there is nothing in the record which supports that the question of subpoenas for these two were addressed at the hearing. It was error for the post-conviction court to quash the issuance of subpoenas for these two witnesses; however, because we find that counsel was not ineffective, it was harmless.

### III

Green contends that attorney Casas committed gross error, at trial, by filing a motion for discharge pursuant to Ind.Crim. Rule 4, and failing to raise a violation pursuant to the Agreement on Detainers, I.C. 35–33–10–4 et seq. Green alleges that Casas likewise failed to pursue the violation on appeal.

In its brief, State argues that Green waived the issue of ineffective assistance of *trial* counsel since that issue was available to him on direct appeal. Ordinarily, this is true. *Smith v. State* (1987), Ind., 516 N.E.2d 1055, 1058. However, Green's trial counsel filed the motion to correct error; trial counsel could not be expected to allege himself ineffective. *Askew v. State* (1986), Ind., 500 N.E.2d 1219, *reh. denied.* Further, trial counsel, Ricardo B. Casas, also represented Green on appeal; thus, Green could not have raised this issue in his direct appeal.

**2.** Post-conviction relief is unavailable for those issues available to a petitioner on his direct appeal, and absent a showing of fundamental error, those issues are waived. *Barker v. State*

To prevail on his claim of ineffective assistance of counsel, Green must establish two elements. First, Green must prove counsel's performance was deficient as measured by prevailing professional norms. Second, Green must prove counsel's deficient performance prejudiced Green; he must show that but for counsel's errors, there is a reasonable probability that the result would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Lamb v. State* (1987), Ind., 511 N.E.2d 444; *See also, Layton v. State* (1986), Ind., 499 N.E.2d 202, 205.

Green has waived any error with respect to his counsel's filing a motion under Crim.Rule 4. At the post-conviction hearing, Green testified that his counsel "plead [sic] the wrong argument. My rights under Indiana rule of Criminal Procedure 4(B) were violated. That is stated in my Motion for Discharge of Defendant. That was error. That rule did apply. Criminal Rule 4(B) did apply." *Cf. Daniel v. State* (1988), Ind., 526 N.E.2d 1157, 1162. Accordingly, we will address Green's contention with respect to the Agreement on Detainers.

As we will next discuss, Green was not denied his right to a fast and speedy trial under the Agreement on Detainers. Accordingly, Green has failed to show that Casa's performance was deficient as measured by prevailing professional norms. Further, Green has not been prejudiced and the result would not have been different.

### IV

Green argues the trial court erred by finding that Green was not denied his right to a speedy trial under the Agreement on Detainers. Specifically, he argues that the terms of the Agreement were violated because Green's trial fell 196 days after he made his demand for trial.[2]

(1987), Ind., 508 N.E.2d 795, 797. We note that this issue was available to Green on direct appeal. However, we will address the merits of this issue because it is related to Green's issue of

On February 23, 1981, Green was charged with Burglary. On April 9, Green failed to appear for his omnibus hearing; his counsel informed the trial court that Green was in federal custody for parole violation. On June 29, Green signed a motion for fast and speedy trial. The motion was sent to the trial court from the United States Penitentiary at Terre Haute, Indiana, on July 21, and the trial court received it July 23. The trial court treated the motion as a motion for trial in state court by a prisoner in federal detention because Green was within federal jurisdiction. On June 30, the trial was reset from January 7 to January 11, 1982; Green was represented by counsel at this time and did not object to the trial date prior to jury selection. On July 29, State filed a motion for detainer, and it was issued; however, there is no record that the federal authorities received this detainer. On September 1, the trial court ordered the sheriff to return Green to the Lake County Jail; however, federal authorities would not produce him. On September 14, the State again sent a detainer to the United States Penitentiary.[3] On October 7, Green wrote the warden of his prison the following letter:

> I talked to you personally teusday [sic], when you came through industry, and you told me to write you regarding my request, and that you would see what you could do.
>
> As of Sept. 22, a state detainer was placed against me by the Lake County Superior Court, Criminal Division. That court has requested temporary custody of me, under the interstate agreement on detainers. I request "under the auspices of the interstate agreement on detainers" that, you refuse the state custody or temporary custody of me."
>
> /s/ Fairfax H. Green

On October 27, Green was transported to the Lake County Jail and appeared in court. On January 11, 1982, trial commenced.

Green contends that this issue was "underdeveloped due to the lower court's refusal to allow Green to subpoena witnesses he needed to clarify ... [certain] technical aspects of his claim." We have already found that there was no error.

Green further contends that "in order for Green's prosecution to have been timely it had to have been commenced within 180 days from June 29, 1981, on or before December 26, 1981." The record shows that Green was brought to trial within one hundred eighty (180) days from July 23, 1981, the date the trial court received Green's motion.

Article 3 of the Agreement on Detainers, I.C. 35–33–10–4, provides in part:

> (a) ... whenever ... there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty [180] days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint ...
>
> (b) The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, commissioner of

---

ineffective assistance of counsel. *Langley v. State* (1971) 256 Ind. 199, 267 N.E.2d 538, 545 (where the defense of waiver is raised, a petitioner must present some substantial basis which would satisfactorily rebut the waiver defense; one basis, if adequately proved, would be ineffective assistance of counsel).

3. The State properly complied with Article 4(a) of the Agreement on Detainers: The appropriate officer of the jurisdiction in which an untried indictment, information or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party state made available in accordance with Article 5(a) hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the state in which the prisoner is incarcerated; provided that the court having jurisdiction of such indictment, information or complaint shall have duly approved, recorded and transmitted the request ...

correction or other official having custody of him, who shall promptly forward it ... to the appropriate prosecuting official.

Green did not comply with the requirement above that he first refer the notice to the appropriate correctional official. Further, Green was responsible for the delay in returning Green to the jurisdiction of the trial court; he instructed the Warden, in his October 7 letter, to resist the State's efforts to obtain temporary custody of him. Last, Green's motion, signed on June 29, 1981, was not received by the trial court until July 23; Green was brought to trial January 11—within one hundred eighty (180) days.

Affirmed.

MILLER, P.J., and GARRARD, J. concur.