Stephen RODGERS, Appellant,

v.

STATE of Indiana, Appellee.

No. 378S50.

Supreme Court of Indiana.

Feb. 22, 1979.

Michael Riley, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Richard A. Alford, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from a conviction in a trial by jury in the Marion Criminal Court for violation of Ind.Code § 35–12–1–1, com-

mission of a felony while armed, repealed effective October 1, 1977. Appellant was sentenced to twenty years in prison.

Appellant contends that: (1) the trial court erred in admitting in evidence his oral pre-trial statement because it was obtained in violation of his privilege against self-incrimination; and (2) that the trial court erred in refusing to instruct the jury as to lesser included offenses.

On May 5, 1976, in the early evening, the alleged victim Crosswhite displayed several hundred dollars in his possession in the presence of appellant and two others while standing in the entryway to his apartment. Later that same evening appellant and another returned to that apartment, knocked on the door, and asked to talk to Crosswhite outside. Crosswhite appeared and appellant and his companion demanded the money they had seen earlier in his possession. When Crosswhite refused appellant pointed a shotgun at him. Crosswhite said that he did not have the money on him whereupon the appellant and his companion responded by breaking into the apartment in search of it. While so doing they held three other occupants of the apartment at gunpoint, requiring two of them to get down on the floor. Crosswhite managed to summon the sheriff.

According to two of the occupants of the apartment who testified for the prosecution, they were held at gunpoint; one testified that appellant had the gun pointed at his head while he lay on the floor when a knock came at the apartment door. Appellant and his companion got behind the door and opened it. A deputy sheriff entered. The two then acted as though they were the victims of the robbery and had overcome the robbers and were holding them at bay. Appellant handed the shotgun to the officer. The gun was loaded with a live shell. Moments later he bolted away and was chased on foot for two blocks before being captured. Three eyewitnesses identified appellant and further testified that appellant was under the influence of something at the time. One witness described appellant as being stoned at the time of the events at the apartment.

According to the testimony of Detective Stiko, he arrived at the scene in front of the apartment building. He observed appellant in custody and refusing to get into the sheriff's car. He spoke with appellant and convinced him to get into the car by getting in first himself and urging appellant to join him. Appellant was transported to the detective division where, later, at 10:30 p. m. on the same evening, he was advised of his constitutional rights and signed a certificate acknowledging the advisement and indicating his understanding of those rights. Appellant then refused to sign a written waiver of rights form or to give a written statement. However, immediately after this refusal, and without any questioning by Stiko, appellant made the incriminating oral statement to Stiko which was to the effect that he had gone to the apartment to take money from Crosswhite because it was owed to him. This statement was admitted over objection at trial. Stiko testified that at the time of questioning appellant was partially under the influence of something, his eyes were swollen some and dilated, but that he was not stoned. Appellant's speech was very good; his walk was very good; and he spoke of being roughed up some and was in an emotionally charged state.

According to the testimony of appellant, he and two others had consumed a half gallon of whiskey that day and that he was under the influence of a narcotic "PCP", an animal tranquilizer which produces a state of drowsiness.

(1)

■ The trial court ruled that the oral statement of appellant given by appellant was admissible. Appellant argues that the ruling of the trial court is not supported by sufficient evidence in that it fails to show that he understood his rights and voluntarily waived them. The burden was on the State to prove beyond a reasonable doubt that the statement or waiver was voluntary. *Burton v. State*, (1973) 260 Ind. 94, 292 N.E.2d 790. In reviewing the trial court's ruling on the voluntariness of a

statement or waiver, we do not weigh the evidence but determine whether there is sufficient evidence to support the trial court's finding. *Raines v. State*, (1971) 256 Ind. 404, 269 N.E.2d 378; *Ortiz v. State*, (1976) 265 Ind. 549, 356 N.E.2d 1188. It is uncontradicted in the testimony produced by the State and by the defense that at the time of the robbery and later at the time of the station-house statement appellant was under the influence of drugs or alcohol. Such fact must, therefore, be accepted as proven under the constitutional rule governing our review. *Magley v. State*, (1975) 263 Ind. 618, 335 N.E.2d 811; *Feller v. State*, (1976) 264 Ind. 541, 348 N.E.2d 8. However, such requirement does not foreclose a determination on appeal that the evidence was sufficient to prove that a knowing and intelligent waiver of rights occurred or that the statement was made voluntarily. We accept such fact and now consider it together with the remaining evidence material to the issue. The degree of impairment of mental faculties at the time of the waiver and statement is critical. There is evidence that prior to that time at the apartment appellant maintained close guard over the persons present, and when threatened by the knock on the door participated in a fraudulent plan to deceive the police and thereby make an escape. He assumed the role of a victim and was partially successful in this purpose. He was capable of running for two city blocks. After being caught he complained about the manner in which he was being treated. He was reassured of his safety by Detective Stiko and was persuaded to enter the police car by Stiko's suggestions. Several hours later at the police station at a time when the trier of fact might reasonably infer that the impairment of his mind had diminished, appellant was read his rights and signed his name. At that point, according to Stiko, he was not stoned, spoke and walked very well, and knew what he was doing. There is no evidence here that appellant was subjected to coercive measures or trickery by his interrogators which might have served in any special manner to overbear his will. The statement was not even given in response to a question by his interrogators. *New v. State*, (1970) 254 Ind. 307, 259 N.E.2d 696; *Brown v. State*, (1971) 256 Ind. 558, 270 N.E.2d 751; *Riddle v. State*, (1976) 264 Ind. 587, 348 N.E.2d 635. Appellant was an adult. Upon examination of the evidence presented which tends to support the determination of the trial court and in light of the fact that appellant was undoubtedly under the influence of alcohol or drugs, we find that the evidence has sufficient and substantial probative value to warrant a reasonable trier of fact in concluding beyond a reasonable doubt that appellant knowingly and intelligently waived his rights and made a voluntary utterance. It was not error to admit appellant's oral statement.

(2)

Appellant next contends that the trial court committed reversible error when it refused to instruct the jury on lesser included offenses of commission of a felony while armed: robbery. Appellant tendered and was refused an instruction. In *Hash v. State*, (1972) 258 Ind. 692, 284 N.E.2d 770, this Court held as follows:

> "[T]hat for an instruction and verdict form upon a lesser included offense of the offense charged to be proper, there must be some evidence of probative value from which the jury could properly find the defendant guilty of such lesser included offense." 258 Ind. at 698, 284 N.E.2d at 774.

In further explication of the significance and purpose of the above statement in *Hash* this Court recently stated in *Lawrence v. State*, (1978) Ind., 375 N.E.2d 208:

> "The trial court is justified in finding the existence of such requisite evidence where upon careful review of the evidence produced to prove the element or elements differentiating the alleged greater and lesser offenses, the trial court concludes that such evidence has substantial probative value and is not in serious dispute." 375 N.E.2d at 213.

See also: *Feyerchak v. State*, (1978) Ind., 383 N.E.2d 1023.

Appellant identifies defense testimony presented at trial which would indicate that the victim Crosswhite may have been dealing in drugs, that appellant had given Crosswhite money for drugs, and that appellant's companion, rather than appellant, had taken possession of the shotgun at some point in time before the actual assault. None of this testimony regarding drug dealing by Crosswhite would serve to place any of the elements of the armed felony of which appellant was charged in serious dispute. Even if we assumed that the evidence that appellant's companion had possession of the shotgun prior to the robbery attempt placed the evidence that appellant was armed at the time of the robbery attempt in dispute, such evidence when juxtaposed to the eyewitness testimony of three eyewitnesses that he brandished the loaded shotgun was clearly insufficient to warrant an instruction on a lesser offense.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.