Charles THOMAS, Appellant,

v.

STATE of Indiana, Appellee.

No. 482S150.

Supreme Court of Indiana.

Jan. 24, 1983.

James V. Tsoutsouris, Public Defender of Porter County, James A. Johnson, Deputy Public Defender, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Stephan E. Wolter, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Robbery, a Class B felony. He was sentenced to a term of ten (10) years imprisonment. The jury also determined appellant to be an habitual offender. His sentence was enhanced by thirty (30) years for this finding.

The record reveals Randy DeBoe, a Clark gasoline station employee, was robbed at gun point by a man later identified as appellant. One hundred eighty-five dollars

was taken from DeBoe. Nina Roberts, appellant's girl friend, testified she and appellant pulled into the Clark station. Appellant entered the station with a gun. He ran out of the station and drove away. He told Nina he had "hit the station" and described the robbery to her. Eleven days later, Nina reported to the police appellant had committed the robbery. She also told them the location of the weapon. Acting upon this information, a detective displayed a photographic array to DeBoe. DeBoe identified appellant. Appellant was arrested on July 29, 1981. After being taken into custody, he confessed to being the perpetrator of the offense.

■ Appellant claims the selection process of the jury panel and venire from real property tax rolls systematically excluded eighteen (18) to twenty-four (24) year old persons. He argues he was denied his Sixth Amendment right to a jury drawn from a source fairly representative of the community. *Taylor v. Louisiana,* (1975) 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690. We addressed this contention in *Grassmyer v. State,* (1981) Ind., 429 N.E.2d 248 at 251:

"We do not agree that the appellant has established that his rights under the Sixth and Fourteenth Amendments to a 'fair cross-section' were violated by the use of property tax rolls as the sole source for the selection of jury panels. "The appellant has failed to meet his initial burden of establishing the distinctiveness of the group. Regarding the age of the members, there is no showing that eighteen to twenty-four year-olds are a group distinct from the rest of society in a significant way, having interests which cannot be adequately represented by other members of the trial panel. Regarding the claim that the group is distinctive in the economic sense, there is likewise no showing. The trial court properly denied the motion to dismiss the jury panel."

The trial court did not err.

■ Appellant claims the trial court erred in admitting into evidence his tape-recorded confession. He argues the confession was not made voluntarily, intelligently

and knowledgeably, because he was under the influence of cocaine and marijuana. The State carries the burden of proving beyond a reasonable doubt that the defendant voluntarily and intelligently waived his rights and the confession was voluntarily given. *Jackson v. State,* (1980) Ind., 411 N.E.2d 609. In determining whether a statement was voluntarily given we consider the surrounding circumstances. A statement taken while a defendant is intoxicated may be inadmissible. *Turner v. State,* (1980) Ind., 407 N.E.2d 235. The degree of impairment of mental faculties is of critical importance. *Turner, supra; Rodgers v. State,* (1979) 270 Ind. 372, 385 N.E.2d 1136. However, in reviewing the trial court's ruling on the issue, we will consider only the evidence which supports that ruling, when the evidence is conflicting, and any unrefuted evidence in the appellant's favor. *Jackson, supra.*

■ In the case at bar appellant was advised of his rights by the arresting officer at 2:00 a.m., the time of his arrest. The arresting officer, who had previously dealt with intoxicated persons, did not believe appellant was intoxicated. He testified appellant had no trouble walking and was understandable. Defense counsel elicited from the arresting officer that he neither smelled alcohol nor marijuana. After arriving at the police station, appellant was booked, fingerprinted and photographed. He was again advised of his rights and signed a waiver of rights form at 3:09 a.m. Appellant stated he understood his rights and had no questions.

Detective Kiser took appellant's statement. He testified appellant gave no indication of intoxication, walked all right, talked all right and answered questions coherently. Based on his experience, the officer testified appellant was not intoxicated by either alcohol or drugs.

Appellant testified he was read his rights and informed of the pending charges and potential penalties. He stated he was aware of what he was doing when he waived his rights. He also stated he did so

"more or less" voluntarily. He further testified to ingestion of cocaine and marijuana.

 Appellant argues the State failed to rebut evidence of his drug intoxication. Clearly, the above recited facts are contrary to appellant's assertions. Appellant further alleges that the State failed to ascertain whether the officers had any previous experience in dealing with persons under the influence of drugs. One officer testified his opinion was based on his previous experience. Moreover, a non-expert may voice an opinion whether an accused was intoxicated. *Wofford v. State,* (1978) Ind., 394 N.E.2d 100. Appellant failed to present his argument to the trial court. Therefore, for purposes of appellate review, the allegation is deemed waived. *Owens v. State,* (1981) Ind., 427 N.E.2d 880. The trial court did not err in admitting appellant's confession into evidence.

 Appellant claims the trial court erred in refusing his tendered instructions numbered 2, 4 and 6 defining lesser included offenses of robbery. The State asserts the instructions are not contained in the record. In his brief, appellant refers to his Motion to Correct Errors which sets forth the instructions and to that portion of the record in which he read the instructions and objected to the trial court's refusal of them. Criminal Rule 8(A) requires tendered instructions be in writing. Failure to tender written instructions waives the error, if any, of not giving the requested instruction. *Begley v. State,* (1981) Ind., 416 N.E.2d 824.

Appellant claims the trial court erred in admitting State's Exhibits 3 and 4 during the habitual offender stage of the proceedings. State's Exhibit 3 is a certified copy of a judgment and commitment order for Charles Junior Thomas, cause number 4–81645, issued by the United States District Court for the Eastern District of Michigan. The exhibit fully complied with I.C. § 34–1–18–7. State's Exhibit 4 consists of records from the Federal Correctional Institution at Milan, Michigan, including a copy of the judgment and commitment of Charles Junior Thomas, cause number 4–81645, photographs and fingerprint cards. They are

certified to be true and correct copies of the institution's records by the custodian of the records. The certificate is sworn to and sealed.

Indiana Trial Rules of Procedure, Trial Rule 44(A)(1) reads in part:

"(1) Domestic. An official record kept within the United States, or any state, district, commonwealth, territory, or insular possession thereof, or within the Panama Canal Zone, the Trust Territory of the Pacific Islands, or the Ryukyu Islands, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy. Such publication or copy need not be accompanied by proof that such officer has the custody."

 The methods of authentication provided by Trial Rule 44 are alternative to other methods, including I.C. § 34–1–18–7. *Hernandez v. State,* (1982) Ind., 439 N.E.2d 625. The trial court did not err in admitting the exhibits.

 Appellant claims the evidence is insufficient to support the habitual offender finding. He argues there was no evidence connecting him with State's Exhibit 4. The officer who processed appellant after his arrest testified he gave his name as Charles Thomas, Jr., and used the alias of Charles Junior Thomas. Appellant further stated his social security number, place and date of birth. State's Exhibit 4 included a judgment and commitment ordered for Charles Junior Thomas and a fingerprint card listing his social security number, date and place of birth. The information given by appellant and stated in State's Exhibit 4 is identical. The evidence was sufficient to support the habitual offender finding.

 Appellant claims the trial court erred in giving the State's final instructions number 3 and 6 during the habitual offender phase of the proceedings. The instructions, purporting to define "felony", did not comply with I.C. § 35–50–2–1. Although he challenges the instructions on several

grounds, the sole objections presented to the trial court were that the instructions placed undue emphasis on the State's evidence which was improperly admitted. All other contentions are deemed waived. *Owens, supra.*

We have determined the State's evidence was sufficiently connected to the appellant to be properly admitted. The instructions did not unduly emphasize the State's evidence of appellant's prior convictions.

. The trial court is in all things affirmed.

All Justices concur.