Charles Monroe RUSSELL, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 2–583A156.

Court of Appeals of Indiana, Second District.

March 29, 1984.

Rehearing Denied May 17, 1984.

---

Kent H. Musser, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Judge, by designation.

## STATEMENT OF THE CASE

Appellant Charles Russell appeals from his conviction by jury for criminal deviate conduct. We reverse.

## FACTS

Both Russell and the victim were voluntarily admitted patients at the LaRue Carter Hospital psychiatric ward in Marion County, Indiana. In the early morning hours of May 17, 1982, victim awoke face down on his bed. His pajama bottoms had been removed and defendant Russell was on top of him. Russell then proceeded to consummate the act of anal intercourse. He later signed a waiver of rights form and gave investigators a statement incriminating himself.

Russell filed a pre-trial motion to suppress the statement. The motion was denied and the statement was admitted at trial against him. He was subsequently convicted of criminal deviate conduct, but was found to be mentally ill and was referred to the Department of Mental Health. It is from this judgment that Russell now appeals.

## ISSUE

Appellant raises three (3) issues on appeal. However, because we reverse on one of the issues, we do not discuss the remainder. Rephrased, the dispositive issue in this case is as follows:

Did the trial court err in refusing to suppress defendant's statement acknowledging his complicity in the crime?

## DISCUSSION AND DECISION

The trial court erred in refusing to suppress defendant's statement.

 Defendant alleges on appeal, as he did below, that he could not have knowing, voluntarily, and intelligently waived his rights prior to giving the statement, because of his mental condition at the time the statement was given.[1] It is well settled

1. Our supreme court has noted that where the defendant contends that his statement is inad- missible due to an impairment of his mental faculties allegedly existing at the time the state-

that, upon such an allegation the state carries the burden of proving beyond a reasonable doubt that the defendant did in fact waive his rights in a knowing, voluntary, and intelligent manner. *Thomas v. State,* (1983) Ind., 443 N.E.2d 1197, 1199; *Kern v. State,* (1981) Ind., 426 N.E.2d 385, 387 (supplemental opinion); *Magley v. State,* (1975) 263 Ind. 618, 626–27, 335 N.E.2d 811, 817, citing *Burton v. State,* (1973) 260 Ind. 94, 105, 292 N.E.2d 790, 797–98. The determination of whether the statement was obtained pursuant to a proper waiver of rights depends upon the individual facts and circumstances of each case. *Thomas,* 443 N.E.2d at 1199; *Kern,* 426 N.E.2d at 387; *Magley,* 263 Ind. at 628, 335 N.E.2d at 818 (totality of the circumstances test). "When reviewing the denial of a motion to suppress a confession and the admission of that confession at trial, we do not reweigh the evidence." *Kern,* 426 N.E.2d at 387. Rather, we consider only the evidence which supports the court's ruling and any unrefuted evidence in defendant's favor. *Thomas,* 443 N.E.2d at 1199; *Magley,* 263 Ind. at 628, 335 N.E.2d at 818. Where the state fails to meet its burden of proof, the denial of a motion to suppress is deemed to be erroneous.

▆▆▆ At the suppression hearing, the state was able to elicit from Russell on cross-examination that the signature on the waiver of rights form was, in fact, his. This in and of itself, however, is not conclusive of the procurement of a proper waiver. *Dickerson v. State,* (1972) 257 Ind. 562, 570, 276 N.E.2d 845, 849. Russell also indicated that he could read and write and was beginning his sophomore year at IUP-UI. At one point the state was able to elicit from Russell that he had understood

the questions asked of him and that he was not crazy, although he also denied making many of the statements contained in the confession and stated that he could not remember having his rights explained to him or signing the waiver of rights.[2] Because Russell raised a *bona fide* question as to whether he could have effectively waived his rights (he raised a *prima facie* question by virtue of the fact that he was residing in a mental institution at the time), it was incumbent upon the state to prove the validity of the waiver beyond a reasonable doubt. However, the evidence favorable to the court's ruling is insufficient, as a matter of law, to demonstrate that the waiver was knowingly, voluntarily, and intelligently given. The overruling of the motion to suppress was, therefore, erroneous. However, it is well settled that the mere overruling of such a motion preserves no error on appeal.[3] *Lagenour v. State,* (1978) 268 Ind. 441, 450, 376 N.E.2d 475, 481; *Pointon v. State,* (1978) 267 Ind. 624, 627, 372 N.E.2d 1159, 1161; *McGee v. State,* (1952) 230 Ind. 423, 428, 104 N.E.2d 726, 728. *Accord Magley,* 263 Ind. at 633, 335 N.E.2d at 820 (procedure for challenging admissibility of confession in Indiana has traditionally been the in-trial objection). In order to preserve such error, a timely objection must be made to the offer of the inadmissible evidence at trial. *Lagenour,* 268 Ind. at 450, 376 N.E.2d at 481; *Pointon,* 267 Ind. at 627, 372 N.E.2d at 1161; *McGee,* 230 Ind. at 428, 104 N.E.2d at 728. Failure to so object preserves nothing for review.

▆▆▆ In the instant case, Russell did, in fact, object to the offer of the statement. The objection was overruled and the statement admitted into evidence. Appellant

ment is given, the degree of such impairment is critical to the determination of whether the defendant effectively waived his rights. *Thomas v. State,* (1983) Ind., 443 N.E.2d 1197, 1199.

**2.** This is the sum total of the evidence favorable to the judgment. It was derived entirely from the state's cross-examination of Russell. The state, although bearing the burden of proving the waiver beyond a reasonable doubt, presented no witnesses at the suppression hearing.

**3.** In order to constitute reversible error, there must exist both an erroneous ruling and prejudice resulting to the complaining party. *Smith v. State,* (1982) Ind., 432 N.E.2d 1363, 1368. No prejudice could inure in the denial of a motion to suppress until the evidence was actually offered and admitted at trial.

properly preserved the error on appeal. Because we conclude that the state did not meet its burden of proof at the suppression hearing,[4] the admission of the statement at trial was both erroneous and prejudicial. Therefore, the admission of the statement constituted reversible error. Accordingly, we reverse the conviction and remand for a new trial.

Reversed and remanded.

BUCHANAN, C.J., and SHIELDS, J., concur.

---

**4.** Because an in-trial objection is required to preserve any error on appeal, we see no reason why the state could not supplement its evidence from the suppression hearing at trial, in order to prove beyond a reasonable doubt that the defendant effectively waived his rights. This supplementation would necessarily have to occur prior to the submission of the evidence. In the instant case, however, even this is not enough to save the state from the management of its case. No additional evidence was presented by the state in support of its burden prior to defendant's timely objection and the admission of the statement into evidence. Accordingly, because the evidence is insufficient, as a matter of law, to demonstrate an effective waiver of rights, we cannot say that the state met its burden of proving beyond a reasonable doubt that the waiver was knowingly, voluntarily, and intelligently given.