**Robert Lee SIMPSON, Appellant (Defendant Below),**

**v.**

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 784 S 289.**

Supreme Court of Indiana.

April 15, 1987.

Andrew H. Wright, Salem, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Following jury trial, appellant-defendant Robert Lee Simpson was convicted of murder, a class A felony. In this direct appeal, he raises two issues:

1) admissibility of confessions made while intoxicated; and,

2) refusal of tendered instruction on criminal recklessness as lesser-included offense.

## Issue I

When police officers first arrived at defendant's home on November 13, 1982, they observed the defendant and his wife come out of the house and approach the police car. When police asked "what was going on," the defendant replied that he had shot Lynn Saylor. At that point, the police instructed the defendant not to say anything further and to get into the police car and sit down. Defendant was left unattended while the officers proceeded into the house. One of the officers returned approximately two minutes later and began reading the defendant the standard *Miranda* rights advisement as defendant read along on a separate card. After a brief discussion in which the defendant stated that he understood his rights completely, he signed a rights waiver form. The defendant then proceeded to briefly discuss the incident with the police in the patrol car. He was then taken to the police station and consented to a breathalizer test. The results indicated that there was 0.127 percent weight of alcohol in his blood at the time of the test, which was approximately forty minutes after his initial admission to police.

Before the commencement of trial, defendant filed his motion to suppress all testimony regarding "any admission or confession made by defendant on November 13, 1982." Claiming that he was under the influence of alcoholic beverages at the time, he asserted two grounds for suppression: 1) any statement was not voluntarily made, and 2) any statement was not made with a knowing and intelligent waiver of his rights against self-incrimination. The motion was denied after an evidentiary hearing. At trial, defendant failed to object to his initial admission that he shot Lynn Saylor, but did present a timely objection when the State sought to introduce testimony regarding the defendant's waiver of rights and subsequent oral statement in the police patrol car.

In the present appeal, defendant contends that the trial court erred in failing to suppress both his initial statement and the statements following the waiver of rights.

■ With respect to defendant's initial admission, "I shot Lynn Saylor," any resulting error is not preserved because of the failure to make a timely objection at trial. Error in overruling a motion to suppress evidence is not preserved for appellate review unless there is a proper timely and specific objection when the evidence is later offered at trial. *Wagner v. State* (1985), Ind., 474 N.E.2d 476; *Andrews v. State* (1982), Ind., 441 N.E.2d 194.

■ Timely objection was made to evidence regarding defendant's waiver of rights and subsequent statements during interrogation in the police patrol car. The State carries the burden of proving beyond a reasonable doubt that the defendant voluntarily and intelligently waived his rights and that the confession was voluntarily given. *Thomas v. State* (1983), Ind., 443 N.E.2d 1197; *Jackson v. State* (1980), 274 Ind. 297, 411 N.E.2d 609. In considering whether the burden was satisfied, we look at the totality of circumstances to determine whether there was any inducement by way of violence, threats, promises or other improper influence. *Jackson, supra; Grey v. State* (1980), 273 Ind. 439, 404 N.E.2d 1348. However, in reviewing the trial court's ruling on the issue, we will consider only the evidence which supports that ruling, when the evidence is conflicting, and any unrefuted evidence in the defendant's favor. *Thomas, supra; Jackson, supra; Grey, supra; Feller v. State* (1976), 264 Ind. 541, 348 N.E.2d 8.

■ Washington County Police Sergeant James Watson arrived at defendant's home at 4:50 p.m. with fellow Officer Ron Artman. They observed the defendant come out the door of his home and proceed to the police patrol car twenty-five feet away. Both heard him admit that he shot Lynn Saylor. When Watson returned to the police car approximately two minutes later, he provided defendant with the card on which the *Miranda* rights warning was printed. Sergeant Watson then read the rights from a second card while defendant followed along. Indiana State Police Detective Charles Demlow entered the police car at this time. Demlow then inquired

regarding defendant's comprehension of his rights, and defendant stated that he understood the rights completely. Both Demlow and Watson were previously acquainted with the defendant. While he believed that the defendant had been drinking because of the odor of alcohol, Watson did not believe that defendant was intoxicated. The defendant appeared calm and in command of his faculties. His speech was coherent and not slurred. The defendant did not exhibit any difficulties with walking or talking. During his discussion with the officers, the defendant used his hands to demonstrate how he cocked the hammer on the gun. The officers observed that defendant was well coordinated during this demonstration. The officers made no threats, promises, or other coercion.

As a general rule, intoxication affects only the weight to be given an admission. *Feller, supra.* Prior cases have even held that intoxication renders the statement inadmissible only when the intoxication was of such a degree as to produce a state of mania or unconsciousness. *Eiffe v. State* (1948), 226 Ind. 57, 77 N.E.2d 750; *Parsons v. State* (1975), 166 Ind.App. 152, 333 N.E.2d 871.

The facts presently before us are similar to those in *Rodgers v. State* (1979), 270 Ind. 372, 385 N.E.2d 1136, in which we also faced the issue of whether an oral statement was inadmissible because of intoxication.

It is uncontradicted in the testimony produced by the State and by the defense that at the time of the robbery and later at the time of the stationhouse statement appellant was under the influence of drugs or alcohol. Such fact must, therefore, be accepted as proven under the constitutional rule governing our review. [Citations omitted]. However, such requirement does not foreclose a determination on appeal that the evidence was sufficient to prove that a knowing and intelligent waiver of rights occurred or that the statement was made voluntarily. We accept such fact and now consider it together with the remaining evidence material to the issue. The degree of impairment of mental faculties at the time of the waiver and statement is critical. * * * Upon examination of the evidence presented which tends to support the determination of the trial court and in light of the fact that appellant was undoubtedly under the influence of alcohol or drugs, we find that the evidence has sufficient and substantial probative value to warrant a reasonable trier of fact in concluding beyond a reasonable doubt that appellant knowingly and intelligently waived his rights and made a voluntary utterance. It was not error to admit appellant's oral statement.

270 Ind. at 374–375, 385 N.E.2d at 1138. An identical analysis and conclusion is applicable in the present case.

Defendant further argues that we should apply the same standard for determination of voluntariness in reviewing confessions as we do where guilty pleas are involved. He cites *McClanahan v. State* (1953), 232 Ind. 567, 571, 112 N.E.2d 575, 577 which stated that "[i]f an accused in fact is intoxicated while operating a motor vehicle his mental condition is such that he could not enter a plea of guilty to the charge 'freely and understandingly,' which must be the case if the plea is valid." Defendant urges that because his breathalizer test results presented statutory *prima facie* evidence of intoxication, Ind. Code § 9–4–1–54(b)(4)(A) (Burns 1980) [Repealed by P.L. 143–1983, § 9], it must necessarily follow that defendant could not possess the necessary state of mind to knowingly and voluntarily waive his rights. In *Pavey v. State* (1986), Ind., 498 N.E.2d 1195, we observed that the legislature's determination of the intoxication level beyond which driving ability is presumed impaired does not serve as an appropriate standard for determining the defense of voluntary intoxication in a murder trial. This is likewise true with respect to the voluntariness of a statement. As we noted in *Rodgers, supra*, it is the degree of impairment which is critical. The mere fact that a blood alcohol test provides presumptive evidence that one's motor skills are sufficiently impaired to safely drive a motor vehicle does not necessarily imply that his mental processes are

incapable of a knowing and intelligent waiver of his rights. This remains to be determined by the trial court from the totality of the circumstances.

We find that the defendant's waiver of rights was sufficient, and that his resulting statement was made voluntarily. It was not error to admit the statement.

### Issue II

■ The jury was instructed regarding voluntary manslaughter, involuntary manslaughter, and reckless homicide, as lesser-included offenses of murder. Relying in part upon the prior statutory definition of "serious bodily injury," as including "bodily injury ... that causes death,"[1] defendant contends that the trial court erred in refusing his tendered instruction regarding criminal recklessness as a lesser-included offense. However, the merits of this contention are irrelevant on appeal, as they were at trial, because the tendered instruction was otherwise insufficient, incomplete, and potentially confusing. An instruction which presents the jury with the definition of an uncharged criminal offense and authorizes the determination of guilt or innocence thereon, must explain the role of the crime as a lesser-included offense in order to place it in its proper context in the case. *Smith v. State* (1981), Ind., 422 N.E.2d 1179, 1184. For these reasons, the trial court properly refused the instruction.

Judgment affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.

---

**1.** Defendant essentially argues that under the facts of his case, criminal recklessness should have been treated as a lesser-included offense of murder. He asserts that, except for the culpability element, the offense of murder was otherwise the same as the offense of criminal recklessness, Ind.Code § 35–42–2–2, because the definition of "serious bodily injury" under Ind. Code § 35–41–1–2 included "bodily injury ... that causes death," (repealed by P.L. 311–1983, Sec. 49). Ind.Code § 35–41–1–2 expressly defines "included offense" to include an offense differing from the charged crime only in the respect that a "lesser kind of culpability" is required. Defendant urges that the sole culpability for the offense of criminal recklessness has been construed to be that of recklessness. *Humes v. State* (1981), Ind., 426 N.E.2d 379; *Johnson v. State* (1982), Ind., 435 N.E.2d 242; *Flowers v. State* (1985), Ind., 481 N.E.2d 100.