**Marcus RICHARDSON, Appellant (Defendant),**

v.

**STATE of Indiana, Appellee (Plaintiff).**

**No. 49S00–9602–CR–181.**

Supreme Court of Indiana.

July 9, 1998.

Belle T. Choate, Indianapolis, for appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Andrew L. Hedges, Deputy Attorney General, Office of Attorney General, Indianapolis, for appellee.

SELBY, Judge.

Marcus Richardson ("defendant") was tried before a jury, together with co-defendants Kiano Austin, Carlos Mitchell, and Claude Nash, for murder [1] and conspiracy to

---

1. Ind.Code § 35–42–1–1(1) (1993) (a person who "knowingly or intentionally kills another human

being" commits murder). Specifically, the State's information asserts, among other things,

commit murder,[2] both class A felonies. The jury convicted both defendant and Austin for murder and conspiracy to commit murder, and convicted Mitchell and Nash of the lesser included offenses of battery[3] and conspiracy to commit battery, both as class C felonies. The trial court, without objection from the State, subsequently vacated all of the conspiracy convictions and merged those convictions into the convictions for murder and battery. It did so for reasons unrelated to any issues raised by the parties on appeal. Defendant Richardson now challenges the sufficiency of the evidence and also argues that the trial court improperly denied his request for lesser included offense jury instructions on battery as class A and B misdemeanors[4] and criminal recklessness, as class C and D felonies.[5] We disagree and affirm his conviction for murder.

## FACTS AND PROCEEDINGS BELOW

The facts most favorable to the judgment below are that, on or about September 19, 1994, Eric Taylor asked defendant if he could purchase three packages of crack cocaine for fifty dollars. Defendant, who was with State witnesses Damon Ogletree and Michael Watkins,[6] agreed and presented the cocaine to Taylor. After Taylor took the cocaine, however, instead of paying defendant the agreed sum, he drew a knife from his pocket, backed up, and then ran down the alley in the vicinity of 34th and 35th Streets and Clifton, and eventually dropped the knife. Defendant then drew a .25 caliber gun and fired two shots at Taylor. He missed both times and then said, "Fuck it, he got me." (R. at 896.) He also exclaimed that he "tried to burn him [shoot Taylor]." (R. at 901.)

At this point, Watkins flagged down Austin who was driving north on Clifton and who was with Nash and Mitchell. When defendant told them what had happened, Mitchell exclaimed, "Damn, man, you just got robbed twice within the last two weeks." (R. at 901–02.) Ogletree told defendant that he had seen Taylor earlier on 36th Street and offered to help find him, and then defendant, Ogletree, Nash, Mitchell, and Austin drove to the vicinity of 1039 and 1043 36th Street. After getting out of the car, they saw Taylor, who had been drinking, at the side of the house at 1043 36th and he was laughing. Defendant and Nash began chasing Taylor and the other men followed them. When Ogletree, Mitchell, and Austin caught up with them, Taylor had run through a fence and was behind 1039 36th Street on the ground. The five men stood circled around Taylor, and defendant said, "Where's my shit at, Bitch?" (R. at 920–21.) Taylor returned the three packages of cocaine to defendant, and then pleaded repeatedly, "Please don't hurt me." (R. at 922.) Defendant and then Mitchell told Taylor, "Bitch, we're gonna teach you a lesson about coming around here stealing from us." (R. at 923.) Defendant hit Taylor in the face with his fist. Nash kicked Taylor in the face. The men, including defendant, Nash, Austin, and Mitchell,

that Richardson "did knowingly kill another human being, namely: Eric Taylor, by striking and kicking Eric Taylor causing Eric Taylor to die...." (R. at 53.)

2. Ind.Code § 35–41–5–2 (1993).

3. Indiana Code Section 35–42–2–1(3) (1993 & Supp.1997) provides in pertinent part: "A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is: (1) a Class A misdemeanor if: (a) it results in bodily injury to any other person; ... (3) a Class C felony if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon...."

4. See supra note 3.

5. Indiana Code Section 35–42–2–2(c) (1993 & Supp.1997) provides in pertinent part: "A person who recklessly, knowingly, or intentionally: (1) inflicts serious bodily injury on another person ... commits criminal recklessness, a Class D felony. However, the offense is a Class C felony if committed by means of a deadly weapon."

6. Damon Ogletree, a key witness for the State, was originally arrested for murder together with the others. He subsequently pleaded guilty to conspiracy to commit murder and the State dismissed the murder charge. As part of the plea agreement with the State, he agreed to provide truthful testimony at the trial. The court sentenced him to 20 years, but suspended 5 of the 20 years. Michael Watkins was not charged in connection with Taylor's death, and, at the time of trial had not been sentenced for an August 1993 conviction for possession of cocaine.

continued to punch and kick Taylor as he lay on the ground. Defendant struck Taylor in the face seven or eight times as Taylor tried to cover his head.

The five men left Taylor as he lay on the ground, coughing and spitting up. Defendant and Mitchell had blood on their pants, and Nash had a substantial amount of blood on his pants. As they were walking along the side of 1039, towards the front of the house, Austin picked up a large rock, weighing approximately fifty-four pounds, and said: "I'll bet this mother fucker won't steal from nobody else." (R. at 930.) Austin and defendant then went back behind the house, and Austin dropped the rock on Taylor's head. When they returned to the front of the house, Austin and defendant were laughing, and defendant reported to the others, "Man, he dropped the brick on his head." (R. at 933.) Austin replied, "Ah, fuck it, man; it wasn't nothing." (R. at 933.)

The men then returned to 34th and Clifton where they laughed and talked about the crime. Defendant informed Watkins: "Man I pistol whipped him so bad, Michael. I just kept on hitting him in his legs and head [and said] [b]etter not never take none of my dope no more." (R. at 1293–95.) Defendant and Ogletree then brought Watkins to the body. Watkins confirmed that Taylor was dead and removed and discarded his jacket and wallet which contained identification.

Eric Taylor died as a result of the injuries to his head.

At the conclusion of the jury trial, the trial court had a lengthy colloquy with counsel regarding the appropriateness of certain tendered lesser included offense instructions. Defendant's written tendered instructions requested that the trial court instruct the jury on several offenses as lesser included offenses of murder, including, involuntary manslaughter,[7] battery as a class B misdemeanor and a class C felony,[8] and criminal recklessness as a class C and D felony.[9] During argument on the lesser included instructions, defense counsel also asserted that the court should instruct the jury as to all lesser forms of battery ranging from battery as a class C felony to battery as a class A or B misdemeanor. Ultimately, in addition to instructing the jury on the elements of murder, the trial court also instructed the jury on the offenses of aggravated battery, a class B felony,[10] battery as a class C felony,[11] and involuntary manslaughter.

After deliberating, the jury found defendant and co-defendant Austin guilty of murder, while finding co-defendants Mitchell and Nash guilty of battery as a class C felony.

## DISCUSSION

Defendant makes two arguments. First, he argues that the evidence is insufficient to support his conviction for murder. Second, he argues that the trial court erred when it refused his lesser included offense jury instructions on battery as class A and B misdemeanors and criminal recklessness, as class C and D felonies. For the reasons stated below, we find these arguments to be without merit and affirm his conviction for murder.

### I. Sufficiency of the Evidence

In reviewing a claim that the evidence is insufficient to support a conviction, this Court will look only to the evidence most favorable to the State and all reasonable inferences that support the judgment, and will not weigh conflicting evidence or judge the credibility of witnesses. We will affirm the conviction unless, based on this evidence, we conclude that no reasonable jury could find the defendant guilty beyond a reasonable doubt of each element of the crime

7. Indiana Code Section 35–42–1–4 (1993) provides in pertinent part: "A person who kills another human being while committing or attempting to commit ... (3) battery; commits involuntary manslaughter, a Class C felony."

8. See supra note 3.

9. See supra note 5.

10. Indiana Code Section 35–42–2–1.5 (1993) provides: "A person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death or causes serious permanent disfigurement or protracted loss or impairment of the function of a bodily member or organ commits aggravated battery, a Class B felony."

11. See supra note 3.

charged. *See Wright v. State,* 690 N.E.2d 1098, 1106 (Ind.1997), *reh'g denied* (1998); *Mayo v. State,* 681 N.E.2d 689, 691 (Ind. 1997); *Vance v. State,* 640 N.E.2d 51, 57 (Ind.1994).

■ To prove defendant committed murder, the State must prove that defendant "knowingly or intentionally" killed another human being. Ind.Code § 35–42–1–1 (1993). Defendant does not dispute that he and his co-defendants pursued Taylor after he ran away without paying for the crack he had purchased, that Austin intentionally dropped a fifty-four pound boulder on Taylor's head while defendant watched, or that Taylor died of head injuries caused primarily by the impact of the boulder. Rather, defendant argues that because he did not personally drop the boulder on Taylor's head, he cannot be guilty of murder. This argument is meritless.

■ The State need not prove that defendant personally participated in the acts that caused Taylor's death, for the evidence plainly shows that he and Austin were accomplices. An accomplice who acts in concert with another who actually committed the direct acts constituting the elements of the crime is equally as liable as a principal for all natural and probable consequences of the plan. *See Wright v. State,* 690 N.E.2d at 1104 & n. 6, 1106–07; *Taylor v. State,* 676 N.E.2d 1044, 1047 (Ind.1997), *reh'g denied* (1997); Ind.Code § 35–41–2–4 (1993).[12]

Here, there is ample evidence from which the jury could conclude that defendant, Austin, and the other co-defendants, pursued and brutally beat Taylor because he did not pay them for the cocaine defendant supplied to him; that Austin then, with the full support of defendant and while in his company, dropped a boulder on Taylor's head, a boulder so heavy that the natural and probable consequence of that act would be, and was in fact, Taylor's death; and that defendant then bragged about their accomplishments to Watkins. We decline to second-guess the jury in its assessment of the evidence.

## II. *Lesser Included Offense Instructions*

■ Defendant did not include in his brief on appeal the verbatim instructions tendered to the trial court as required by Indiana Appellate Rule 8.3(A)(7), and, therefore, he has waived any issues regarding the propriety of the trial court's refusal to give the tendered lesser included offense jury instructions.

To preserve for appellate review an issue regarding the propriety of a trial court's refusal to give a proposed jury instruction, a defendant must comply with App.Rule 8.3(A)(7) which requires that "[w]hen error is predicated on the giving or refusing of any instruction, the instruction shall be set out verbatim in the argument section of the brief with the verbatim objections, if any, made thereto." *Id.* Failure to comply with App. Rule 8.3(A)(7) results in waiver of the issue. *See Taylor v. State,* 587 N.E.2d 1293, 1303 (Ind.1992); *Norris v. State,* 498 N.E.2d 1203, 1206 (Ind.1986).

■ Even if, however, defendant had properly preserved the issues for review, his arguments must still fail because his proffered jury instructions were incomplete and potentially confusing. The record before the Court reflects that the tendered written instructions did not explain that battery as class A or B misdemeanors and criminal recklessness were lesser included offenses to murder, explain the differing degrees of culpability [13] or harm, or otherwise explain the relationship between the asserted lesser included offenses and the charged offense of murder. This Court previously has held that for this reason alone a trial court may properly refuse a tendered instruction on an asserted lesser included offense. *See Simpson v. State,* 506 N.E.2d 473, 476 (Ind.1987); *Johnson v. State,* 435 N.E.2d 242, 246 (Ind. 1982); *Smith v. State,* 422 N.E.2d 1179, 1184 (Ind.1981).

---

12. *See also Marshall v. State,* 621 N.E.2d 308, 313 (Ind.1993); *Menefee v. State,* 514 N.E.2d 1057, 1059 (Ind.1987); *Harden v. State,* 441 N.E.2d 215, 218–19 (Ind.1982).

13. *See* Ind.Code § 35–41–2–2 (1993) (defining terms "intentionally," "knowingly," and "recklessly").

Thus, even if defendant had not waived appellate review of the jury instruction issues by failing to comply with App.Rule 8.3(A)(7), prior decisions of this Court support the trial court's refusal of defendant's proposed lesser included offense instructions because they were incomplete and potentially confusing.

CONCLUSION

Accordingly, we affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.