## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 12 2018, 5:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven E. Ripstra
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin B. Streete,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 12, 2018

Court of Appeals Case No.
51A01-1706-CR-1458

Appeal from the Martin Circuit Court.
The Honorable Lynne E. Ellis, Judge.
Trial Court Cause No.
51C01-1501-F2-16

**Barteau, Senior Judge**

# Statement of the Case

Kevin B. Streete appeals his convictions of and sentence for conspiracy to commit dealing in methamphetamine, a Level 2 felony;[1] dealing in methamphetamine, a Level 2 felony; dealing in methamphetamine, a Level 5 felony; and dealing in marijuana, a Level 6 felony.[2] We affirm.

# Issues

Streete presents four issues, which we expand and restate as:

    I.     Whether there was sufficient evidence to sustain Streete's convictions.

    II.    Whether the trial court erred by admitting evidence seized as a result of a search of Streete's residence.

    III.    Whether there was sufficient probable cause for the issuance of the first search warrant for the search of Streete's residence.

    IV.    Whether the trial court erred by not giving Streete's proposed jury instruction.

    V.    Whether Streete's sentence is inappropriate.

---

[1] Ind. Code § 35-41-5-2 (1977), (2014); § 35-48-4-1.1 (2006), (2014).

[2] Ind. Code § 35-48-4-10 (2014).

## Facts and Procedural History

[3] In August 2014, Streete sold methamphetamine to a confidential informant (CI) at his house. James Mesarosh and Tiffany Baugh Mesarosh, friends of Streete, were also present at his house at the time and participated in the sale.

[4] Further, on December 15, 2014, police obtained a judicial order allowing them to intercept all incoming and outgoing voice and text message communications from the cellular telephone belonging to Sean Killion. Two days later, the police intercepted several phone calls between Killion and Streete, and, based upon the conversation, police believed drugs and a drug deal were being discussed.

[5] In addition, police executed search warrants at Streete's home on January 28, 2015, and January 30, 2015. As a result of these searches, marijuana and methamphetamine were seized.

[6] Based upon these events, Streete was charged with four offenses and an allegation of being an habitual offender in January 2015. In June 2015, under a separate cause number, the State filed twelve additional charges against Streete as well as alleging that he is an habitual offender. Eventually, the State reduced and consolidated all of the charges under one cause number. Thus, the amended information filed in February 2017 charged Streete with conspiracy to commit dealing in methamphetamine, a Level 2 felony; dealing in methamphetamine, a Level 2 felony; dealing in methamphetamine, a Level 5 felony; dealing in marijuana, a Level 6 felony; dealing in methamphetamine, a

Level 4 felony; dealing in marijuana, a Level 5 felony; and being an habitual offender. A jury found Streete guilty of conspiracy to commit dealing in methamphetamine; Level 2 felony dealing in methamphetamine; Level 5 felony dealing in methamphetamine; Level 6 felony dealing in marijuana, and he admitted to being an habitual offender. The trial court sentenced Streete to an aggregate sentence of forty and one-half years. This appeal ensued.

# Discussion and Decision

## I. Sufficiency of the Evidence

[7] Streete first contends that the evidence is insufficient to support his convictions. When we review a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Sandleben v. State*, 29 N.E.3d 126, 131 (Ind. Ct. App. 2015), *trans. denied*. Instead, we consider only the evidence most favorable to the verdict and any reasonable inferences drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt, the judgment will not be disturbed. *Labarr v. State*, 36 N.E.3d 501, 502 (Ind. Ct. App. 2015).

[8] Streete does not point to any element of any offense as being unsupported by the State's evidence. Rather, he launches a global challenge to the State's evidence in a very non-specific, unsystematic manner, and, although he does not appear to challenge his conspiracy conviction, he does cursorily mention in his brief the two phone calls between he and Killion that were intercepted by

police, both of which relate to the conspiracy offense.  To that end, we will briefly address the claim.

### *a. Conspiracy to Deal Methamphetamine*

Streete claims, "[n]either call contained incriminating statements."  Appellant's Br. p. 16.  In testifying at trial about the content of the phone calls between Streete and Killion, Detective Sergeant Hornbrook with the Indiana State Police Drug Enforcement Section explained that drug dealers will not mention drugs in their phone conversations because they want to be as cautious as possible.  Typically, as did Streete and Killion, they indicate they want to see/meet with the person or that they have something for the person.  Moreover, during his police interview, Streete was asked about his reference to the "new sh*t [  ] got today.  Ahh, it's, ahh, like fresh . . . but you probably don't feel like using it right now, do ya?"  Tr. Vol. 4, p. 82.  He indicated that at that time he had fresh methamphetamine.  *Id.* at 47.

When the sufficiency of the evidence is challenged on appeal, a reviewing court does not reweigh the evidence or judge the credibility of the witnesses, and it respects the jury's exclusive province to weigh any conflicting evidence.  *Collier v. State*, 846 N.E.2d 340, 344 (Ind. Ct. App. 2006), *trans. denied*.  Streete's argument is merely a request to reweigh the evidence, evaluate the credibility of the witnesses, and invade the province of the jury, which we cannot do.

### b. Dealing in Methamphetamine, Level 2 felony

[11] Streete presents no argument on this issue as to this particular conviction. Therefore, the issue is waived. *See Sandleben*, 29 N.E.3d at 136 (failure to present cogent argument on an issue waives that issue for appellate review).

### c. Dealing in Methamphetamine, Level 5 felony

[12] Although the bulk of Streete's argument is merely a summary of the evidence from trial, he does assert that the testimony of James and Tiffany implicating him in the sale of methamphetamine to the CI was not credible, especially given the favorable resolutions they received for the charges stemming from their involvement in the drug sale.

[13] First, we note that the jury was aware of both James's and Tiffany's plea agreements because they were discussed and entered as exhibits at Streete's trial. Moreover, this Court cannot evaluate witness credibility. *Id.* at 131.

### d. Dealing in Marijuana

[14] This issue is waived due to Streete's failure to present argument thereon. *See id.* at 136 (failure to present cogent argument on an issue waives that issue for appellate review).

## II. Admission of Evidence

[15] Streete argues that the trial court erred in denying him a full and fair hearing on his motion to suppress. In the trial court, Streete filed motions to suppress the evidence seized during the execution of two search warrants at his home. At

the hearing on the first motion to suppress, Streete began to question a police officer involved in obtaining the search warrant about the investigation underlying her search warrant affidavit. The State objected arguing that, when the adequacy of a warrant comes under attack, the court may not hear further evidence but is limited to reviewing only the evidence presented to the issuing judge to determine whether it is sufficient to establish probable cause. On this basis, the trial court sustained the State's objections and subsequently denied Streete's motion to suppress. Gleaning what we can from his brief, it appears Streete is alleging that the trial court improperly limited his questioning of a witness at the hearing on his first motion to suppress.

[16] Streete frames his argument as an appeal of the trial court's denial of his motion to suppress. However, because he appeals after a completed trial, the question of whether the trial court erred in denying his motion to suppress is no longer viable, and the only argument available to Streete now is whether the trial court erred in admitting the evidence at trial. *Reinhart v. State*, 930 N.E.2d 42, 45 (Ind. Ct. App. 2010). The trial court's ruling on the admission of evidence is reviewed for an abuse of discretion. *Cherry v. State*, 57 N.E.3d 867, 875 (Ind. Ct. App. 2016), *trans. denied*. An abuse of discretion occurs when a decision is clearly against the logic and effect of the facts and circumstances before the court. *Paul v. State*, 971 N.E.2d 172, 175 (Ind. Ct. App. 2012).

[17] In his brief to this Court, Streete neither asserts nor explains how the trial court's admission of the evidence is an abuse of its discretion. In addition to his muddled argument, Streete fails to identify with any particularity the evidence

that he claims should have been suppressed. Indiana Appellate Rule 46(A)(8) requires the appellant to support each of his contentions with cogent reasoning. Streete has failed to present a cogent argument that the trial court erred in admitting the seized evidence; accordingly, appellate review of this claim is waived. *See Sandleben*, 29 N.E.3d at 136 (failure to present cogent argument on an issue waives that issue for appellate review).

## III. Search Warrant

[18] From Streete's incoherent argument on this issue, we discern his contention to be that the first search warrant was too broad in scope if it is based only upon the one sale of methamphetamine to the CI in August 2014. Consequently, he claims, the evidence resulting from the first search of his house is inadmissible because there was insufficient probable cause to issue the warrant in violation of his rights under the Fourth Amendment.[3]

[19] The Fourth Amendment affords protection against warrants issuing without probable cause. Probable cause exists if, based on the totality of the circumstances, there is a fair probability that a particular place contains evidence of a crime. *Membres v. State*, 889 N.E.2d 265, 275 (Ind. 2008). When a defendant later challenges the issuance of a search warrant, the reviewing

---

[3] We address only the first search warrant because Streete concedes his claim as to the second search warrant at the hearing on his second motion to suppress. *See* Tr. Vol. 3, p. 166. Additionally, because Streete does not argue that the search and seizure provision of the Indiana Constitution requires a different analysis than the Fourth Amendment, any state constitutional claim he may have had is waived, and we consider only the federal claim in this appeal. *See Warren v. State*, 760 N.E.2d 608, 610 n.3 (Ind. 2002).

court, with significant deference to the issuing judge's determination, must determine whether the issuing judge had a substantial basis for concluding that probable cause existed. *Jaggers v. State*, 687 N.E.2d 180, 181 (Ind. 1997). This task requires the reviewing court to focus on whether reasonable inferences drawn from the totality of the evidence support the finding of probable cause. *Id.* at 181-82. In making its decision, the reviewing court considers only the evidence presented to the issuing judge, not after-the-fact justifications for the search. *Id.* at 182. Search warrants are presumed valid, and the defendant has the burden to rebut this presumption. *Speer v. State*, 995 N.E.2d 1, 7 (Ind. Ct. App. 2013), *trans. denied*.

[20] In light of these principles, we turn to the present case. The lengthy affidavit upon which the search warrant was based stated that law enforcement had received numerous reports from community members and Streete's neighbors regarding Streete's illegal activities. More particularly, the affidavit set forth in great detail the investigation of Streete, including his history, details of the controlled buy in August 2014 that occurred at Streete's home, dates and content of intercepted telephone conversations between Streete and another target of the investigation, details concerning electronic surveillance and tracking of the additional target, and information obtained from a post-Miranda interview of the target in which he described his drug transactions with Streete and provided further information concerning Streete's drug activities and hiding places on his property.

Thus, Streete is clearly mistaken that the warrant and its supporting affidavit were based solely on the single sale of methamphetamine to the CI. Streete has not overcome the warrant's presumption of validity. The affidavit provided a substantial basis for the issuing judge to conclude that probable cause existed and that Streete's residence and property contained evidence of a crime.

## IV. Jury Instruction

Next, Streete alleges the trial court erred by failing to give an instruction on a lesser included offense. However, prior to investigating the trial court's course of action on this issue, we examine the propriety of the claimed error.

There are prerequisites a defendant must fulfill in order to properly preserve his claim of instructional error. Indiana Appellate Rule 46(A)(8)(e) provides: "When error is predicated on the giving or refusing of any instruction, the instruction shall be set out verbatim in the argument section of the brief with the verbatim objections, if any, made thereto." We observe that this rule employs the mandatory "shall" rather than the permissive "may." Failure to comply with this rule results in waiver of the issue on appeal. *Richardson v. State*, 697 N.E.2d 462, 465 (Ind. 1998).

Streete did not set out in his brief the instruction he tendered to the trial court as required by Indiana Appellate Rule 46(A)(8)(e) or any objections made by the State. Consequently, he has waived any issue regarding the propriety of the trial court's refusal to give the tendered instruction on the lesser included offense.

[25] Even if Streete had properly preserved the issue for review, his argument still fails. When a defendant requests an instruction on a lesser included offense to the charged crime, a trial court applies a three-part test. *Webb v. State*, 963 N.E.2d 1103, 1106 (Ind. 2012). First, the trial court must determine if the alleged lesser included offense is inherently included in the crime charged by comparing the statutes defining the two crimes. *Id.* Second, if the trial court determines that the alleged lesser included offense is not inherently included in the crime charged under step one, it must then determine if the alleged lesser included offense is factually included in the crime charged. *Id.* If the alleged lesser included offense is neither inherently nor factually included in the charged crime, the trial court should not give an instruction on the alleged lesser included offense. *Id.* Third, if the trial court determines that an alleged lesser included offense is either inherently or factually included in the charged crime, it must look at all the evidence to determine if there is a serious evidentiary dispute about the element or elements distinguishing the greater from the lesser offense, and if, in light of this dispute, a jury could conclude that the lesser offense was committed but not the greater. *Id.* It is reversible error for a trial court not to give an instruction, when requested, on the inherently or factually included lesser offense if such an evidentiary dispute exists. *Id.* When the decision to give or not give a lesser included offense depends upon whether there is a serious evidentiary dispute, and the trial court has made an express finding on the existence or lack of such a dispute, we review the trial court's decision to give or refuse a lesser included offense instruction for an abuse of discretion. *True v. State*, 954 N.E.2d 1105, 1108 (Ind. Ct. App. 2011).

[26]  Here, Streete was charged with Level 2 felony dealing in methamphetamine, which requires proof beyond a reasonable doubt that he knowingly possessed methamphetamine in an amount of at least ten grams with the intent to deliver. *See* Ind. Code § 35-48-4-1.1(a)(2)(A), (e)(1). Streete's requested instruction was for a Level 4 felony possession of methamphetamine, which requires proof beyond a reasonable doubt that he knowingly possessed methamphetamine in an amount of at least ten but less than twenty-eight grams without a valid prescription or order of a practitioner acting in the course of his or her professional practice. *See* Ind. Code § 35-48-4-6.1(a), (c)(1) (2014). The material distinction between the two offenses is the intent to deliver. Thus, the question before us is whether the evidence at trial established a serious evidentiary dispute regarding Streete's intent to deliver. Moreover, we observe that in refusing to give Streete's tendered instruction, the trial court expressly stated, "there is no evidence at all included or put forth in the trial that Mr. Streete used methamphetamine. Uh, everything in this trial and all of the evidence that was put before the court indicates that other persons were involved and his confession discussed Mr. Killion. The, uh, recording was played and Mr. Killion is related to the [   ] intent to deliver for the [sale] of methamphetamine." Tr. Vol. 5, pp. 55-56. This constitutes an express finding of a lack of a serious evidentiary dispute, and, thus, we review the trial court's refusal to give Streete's tendered instruction for an abuse of discretion.

[27]  The evidence at trial firmly establishes that Streete was dealing methamphetamine. This evidence included: James's and Tiffany's testimony

of Streete's sale of methamphetamine to the CI in August 2014; James's testimony of his purchases of methamphetamine from Streete; and Streete's discussion, in his recorded statement to police, of his extensive methamphetamine selling operation. The record lacks any evidence indicating Streete personally used methamphetamine. For his part, Streete does not cite to any trial evidence but instead lists four defense contentions regarding the evidence. In light of these facts and circumstances, we cannot conclude the trial court abused its discretion in refusing Streete's tendered instruction. *See Paul*, 971 N.E.2d at 175 (abuse of discretion occurs when decision is clearly against logic and effect of facts and circumstances before court).

# V. Inappropriate Sentence

[28] Streete contends that his sentence is inappropriate. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014). Sentencing is primarily a discretionary function in which the trial court's judgment should receive considerable deference. *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character). *Id.*

The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[29] To assess whether the sentence is inappropriate, we look first to the statutory range established for the class of each offense. Here, Streete was convicted of two Level 2 felonies, a Level 5 felony, and a Level 6 felony. The advisory sentence for a Level 2 felony is seventeen and one-half years, with a minimum sentence of ten years and a maximum sentence of thirty years. Ind. Code § 35-50-2-4.5 (2014). The advisory sentence for a Level 5 felony is three years, with a minimum sentence of one year and a maximum of six years. Ind. Code § 35-50-2-6 (2014). Finally, the advisory sentence for a Level 6 felony is one year, with a minimum sentence of six months and a maximum sentence of two and one-half years. Ind. Code § 35-50-2-7 (2014). Streete was sentenced to the advisory sentence on both Level 2 felonies, and the sentences were to run concurrently. For the Level 5 felony, Streete received the advisory sentence of three years, to be served consecutively to his sentences on the Level 2 felonies, and he received a two-year sentence on the Level 6 felony, to be served concurrently with the sentences for the Level 2 felonies and consecutively to the sentence for the Level 5 felony. In addition, as a result of Streete's admission to being an habitual offender, the court enhanced the sentence for one of his Level 2 felony convictions by twenty years. Therefore, Streete received the advisory sentence on every conviction, except the Level 6 felony for which he received a mere one year above the advisory.

[30] Next, we look to the nature of the offense and the character of the offender. As to the nature of the current offenses, we observe that Streete had been a drug dealer for quite some time constituting a menace to his small community.

[31] With regard to his character, we observe that his criminal escapades began in 1971 as a juvenile and continued steadily with several drug convictions, including some in federal court for which he served time in federal prison. The significance of a criminal history in assessing a defendant's character and an appropriate sentence varies based on the gravity, nature, proximity, and number of prior offenses in relation to the current offense. *Bryant v. State*, 841 N.E.2d 1154, 1156 (Ind. 2006). The nature of Streete's prior offenses and their similarity to the current offenses weigh heavily against his claim of an inappropriate sentence.

[32] Streete suggests that this Court should conduct an independent review to assess the weight attributable to the circumstances he presented to the trial court in support of his argument for leniency. However, the relative weight given to aggravating and mitigating factors is not subject to review. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007).

[33] Streete has not carried his burden of persuading this Court that his sentence has met the inappropriateness standard of review. Accordingly, we do not find his sentence to be inappropriate in light of the nature of the offenses and his character.

# Conclusion

[34]     For the reasons stated, we conclude there was sufficient evidence supporting Streete's convictions, any argument regarding the admission of evidence seized in the first search of Streete's residence is waived, there was a substantial basis for the issuing judge to conclude that probable cause existed for the issuance of the first search warrant for Streete's residence, the trial court did not abuse its discretion by refusing Streete's tendered instruction, and Streete's sentence is not inappropriate.

[35]     Affirmed.

Baker, J., and Bailey, J., concur.